11-4205-cv
Jaafari v. Bank of Tokyo-Mitsubishi UFJ, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:
>       PIERRE N. LEVAL,
>       ROSEMARY S. POOLER,
>       DEBRA ANN LIVINGSTON,
>              *Circuit Judges.*

_____

Firas Jaafari,

>       *Plaintiff-Appellant*,

>       v.                                          11-4205-cv

Bank of Tokyo-Mitsubishi UFJ, Ltd.

>       *Defendant-Appellee*.

_____

**FOR APPELLANT:**          Firas Jaafari, *pro se*, Woodhaven, NY.

**FOR APPELLEE:**           Dov Kesselman, Scott Rabe, Seyfarth Shaw LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Firas Jaafari, proceeding *pro se*, appeals from the district court's judgment granting the summary judgment motion of Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") in his employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its decision. Jaafari's retaliation claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") fails because Jaafari did not allege that BTMU retaliated against him because he engaged in an activity protected under Title VII. *See Terry*, 336 F.3d at 141.

2

Jaafari's claim pursuant to the Americans with Disabilities Act of 1990 ("ADA") also fails to establish a prima facie case. Pursuant to the ADA, a plaintiff must show, *inter alia*, that he is a person with a disability under the meaning of the ADA, and Jaafari did not make such a showing. *See Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 643-44 (2d Cir. 1998).

Because Jaafari did not proffer evidence supporting a reasonable conclusion that any adverse employment action he may have suffered was caused by age discrimination, he cannot prevail on his claim pursuant to the Age Discrimination in Employment Act of 1967. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177 (2009). Jaafari's hostile work environment claim also fails because his allegations regarding comments about his national origin, his status as a Muslim and/or religious beliefs do not constitute severe and pervasive discriminatory conduct. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). As to Jaafari's sex discrimination claim, because Jaafari did not allege that he and the female employee whom he claimed was paid $10,000 more annually had substantially equal responsibilities, his claim necessarily fails. *See Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 524 (2d Cir. 1992).

Although Jaafari argued that he was denied his right to discovery, he did not show that he could not adequately reply to BTMU's motion for summary judgment until he was able to engage in further discovery, as he did not attest to "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts [he] has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). Accordingly, he did not show that the district court abused its discretion by denying his discovery requests. *See id.*

3

We have considered all of Jaafari's remaining arguments and find them to be without

merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk